UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRENDA M. P.,

                              **Plaintiff,**

   vs.                                                          6:23-CV-1121
                                                                                     (MAD/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**

---

**APPEARANCES:**                                          **OF COUNSEL:**

**HILLER COMERFORD INJURY &**          **JUSTIN M. GOLDSTEIN, ESQ.**
**DISABILITY LAW**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On April 26, 2021, Plaintiff Brenda M. P. filed an application for Disability Insurance Benefits and Supplemental Security Income benefits, alleging disability beginning June 1, 2013, due to degenerative disc disease, depression, anxiety, and chronic obstructive pulmonary disease. *See* Dkt. No. 10 at 20.[1] Her application was initially denied on July 15, 2021, and was denied again upon reconsideration on August 25, 2021. *See id.* Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *See id.* On March 16, 2022, ALJ Gretchen

---

[1] Citations are to the pagination generated by CM/ECF, the Court's electronic filing system.

1

Greisler conducted a hearing by telephone. *See id.* at 38-55. On July 13, 2022, ALJ Greisler issued a written decision finding that Plaintiff was not disabled under the Social Security Act. *See id.* at 20-32. On July 14, 2023, ALJ Geisler's decision became the final decision of the Commissioner of Social Security (the "Commissioner") when the Social Security Appeals Council denied Plaintiff's request for review. *See id.* at 5-11.

On September 1, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner denying her application for Disability Insurance Benefits. *See* Dkt. No. 1. In a Report-Recommendation dated February 21, 2025, Magistrate Judge Therese Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Decision of the Commissioner be remanded for further review and a clearer explanation of the decision. *See* Dkt. No. 18.

Neither party has filed objections to the Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (quotation and citations omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Dancks found, remand is warranted in this case because ALJ Greisler failed to provide adequate explanation of her conclusion that Plaintiff did not meet the requirements of Listing 1.15, which prevents the Court from undertaking a meaningful review of the determination at step three of the sequential analysis. *See Norman v. Astrue*, 912 F. Supp. 2d 33, 41 (S.D.N.Y. 2012) (remanding for further proceedings where it was unclear from the ALJ's decision which criteria of Listing 1.04A the plaintiff failed to meet); *see also, Megan J. v. Saul*, No. 1:19-CV-1021, 2020 WL 3545545, *4 (N.D.N.Y. June 30, 2020) ("Despite the lack of a detailed explanation of the ALJ's conclusion, caselaw does permit the Court to nonetheless affirm when 'portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence.' . . . Affirmance under this rule is not an appropriate option here because the remainder of the ALJ's decision does not discuss the diagnostic criteria for Listing 1.04A in sufficient detail for the Court to assess whether the conclusion was supported by substantial evidence") (quoting *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982)) (internal citations omitted).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 21, 2025, Report-Recommendation (Dkt. No. 18) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and that this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Dancks' Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge